UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 07, 2009

FILED
CLERK'S OFFICE

IN RE: TREMONT GROUP HOLDINGS, INC.,
SECURITIES LITIGATION

    Family Swimmers LP v. Rye Select Broad Market Prime )
        Fund, L.P., et al., D. Massachusetts, C.A. No. 1:09-10784 )    MDL No. 2052
    Lawrence J. Rothschild v. Rye Select Broad Market XL )
        Fund, L.P., et al., D. Massachusetts, C.A. No. 1:09-10858 )

**TRANSFER ORDER**

    **Before the entire Panel**[*]: Plaintiffs in these two Massachusetts actions move pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring their actions to the Southern District of New York for inclusion in MDL No. 2052. Responding defendants[1] oppose the motion.

    After considering all argument of counsel, we find that these two actions involve common questions of fact with actions in this litigation previously transferred to the Southern District of New York. Transfer of the actions to the Southern District of New York for inclusion in MDL No. 2052 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of New York was a proper Section 1407 forum for actions arising from allegations that Tremont and its Rye division performed inadequate due diligence before investing Tremont or Rye fund assets with Bernard L. Madoff and Bernard L. Madoff Investment Securities LLC (BMIS). *See In re: Tremont Group Holdings, Inc., Securities Litigation,* 626 F.Supp.2d 1338 (J.P.M.L. 2009).

    Other actions originally filed in the District of Massachusetts with claims similar to claims in the two actions presently before the Panel already are included in MDL No. 2052 proceedings. Having duplicative proceedings involving the Tremont and Rye funds underway in both the New York and Massachusetts districts is certainly not optimal. While Massachusetts actions may involve some unique

---

    [*]  Judge Vratil took no part in the disposition of this matter.

    [1] Tremont Group Holdings, Inc., and Tremont Partners, Inc. (collectively Tremont); Rye Investment Management (Rye); Massachusetts Mutual Life Insurance Co. and MassMutual Holding LLC; Oppenheimer Acquisition Corp.; and Rye Select Broad Market Fund, L.P.

-2-

questions of fact, they share factual questions with other MDL No. 2052 actions concerning the investment of fund assets in BMIS. Transfer to a single district under Section 1407 will permit one court to formulate a pretrial program that allows any non-common issues to proceed concurrently with common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); thus ensuring streamlined, just and expeditious resolution of all actions. *In re: Tremont Group Holdings, Inc., Securities Litigation,* 626 F.Supp.2d at 1340.

Plaintiffs can present their motions for remand to state court to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Thomas P. Griesa for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.  Kathryn H. Vratil[*]
David R. Hansen  W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.